UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased, | ) ) |
| Plaintiff | ) |
| v. | ) Case No. 09 C 1198 |
| | ) Judge Kennelly |
| CITY OF CHICAGO, et al. | ) |
| Defendants | ) ) |

**FILED**

**SEPTEMBER 24, 2009**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## FIRST AMENDED COMPLAINT AT LAW

Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, deceased, by her attorneys, STATMAN, HARRIS & EYRICH, LLC, hereby files this Complaint at Law against Defendants, CITY OF CHICAGO, a Municipal Corporation, and Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Officer John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Sanders Tracey, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Robert Garza, Star No. 21028, Detective Cullen Murphy, Star No. 20961, Detective Galo Guiterrez, Star No. 10018, and JOHN and JANE DOES, Unknown Officers, Agents, Servants and/or Employees of the CHICAGO POLICE DEPARTMENT, and states as follows:

## INTRODUCTION

1.      This is a civil action seeking damages against the City of Chicago, and known and unknown Chicago Police Officers, whom, while acting under the color of law, deprived DONALD L. WELLS of rights secured under the Constitution and laws of the United States, including the rights secured under the Fourteenth Amendment to the United States Constitution, and for related Illinois State-Law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. 1983, and the Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. 1367 to hear and decide claims arising out of state law.

## PARTIES

3.      Plaintiff, ANN DARLENE WELLS ("Plaintiff"), is a citizen of the United States, who currently resides in and is a resident of Metamora, Michigan.  Plaintiff brings this action as the Representative of the Estate of her deceased husband, DONALD L. WELLS, who was a citizen of the United States of America.   Plaintiff is the Personal Representative of the Estate of DONALD L. WELLS, with Letters of Authority issued on September 24, 2008 by the Lapeer County Probate Court in Flint, Michigan.

4.      Defendant, CITY OF CHICAGO, is a municipal corporation in Cook County, Illinois.  The CITY OF CHICAGO operates a police department in Chicago, Illinois.

5.      Defendants Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Officer John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Sanders Tracey, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698,   Detective Elliott Musial, Star No. 19416, Detective Robert  Garza, Star  No. 21028, Detective Cullen  Murphy, Star No. 20961, Detective Galo Guiterrez, Star No. 10018, are known officers, agents and/or employees of the CITY OF CHICAGO Police Department.

6.      At all times relevant hereto, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint were acting under color of law and

2

pursuant to and in furtherance of statutes, ordinances, regulations, customs, policies and usages of the City of Chicago and the Chicago Police Department, and within the scope of their employment with the CITY OF CHICAGO.

7.      Defendants, JOHN AND JANE DOE Chicago Police Officers, are unknown officers, agents, servants and/or employees of the CITY OF CHICAGO Police Department.

8.      At all times relevant hereto, the JOHN AND JANE DOE Chicago Police Officers were acting under color of law and pursuant to and in furtherance of statutes, ordinances, regulations, customs, policies and usages of the City of Chicago and the Chicago Police Department, and within the scope of their employment with the CITY OF CHICAGO.


## **FACTS**

9.      On April 25, 2008, DONALD L. WELLS ("Plaintiff's Decedent") was a sixty-four year old male truck driver employed by Whiteline Express, Ltd.   Donald died on June 13, 2008.

10.     Plaintiff's Decedent traveled to Chicago, Illinois on or about April 25, 2008.

11.     On said date, while driving a semi-tractor trailer for Whiteline Express, Ltd., Plaintiff's Decedent was involved in an accident wherein the truck he was driving collided with the Chicago Transit Authority station  located in an area commonly known as Chinatown at the intersection of Cermak Road and 22nd Street (hereinafter referred to as the "Accident").

12.     Shortly after the Accident, at Stroger Hospital, Plaintiff's Decedent was taken  into the custody of the Chicago Police Department.

13.     Plaintiff's Decedent was thereby detained by certain police officers, agents, servants and/or employees of the Chicago Police Department  referred to in Paragraph 5 of this Complaint

3

and JOHN and JANE DOE Chicago Police Officers and thereafter questioned about events leading to the Accident.

14.     At the time of Plaintiff's Decedent's arrest and detention, police officers, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers were aware that Plaintiff's Decedent was involved in a severe traffic accident and suffered injuries as a result thereof.

15.     At the time of Plaintiff's Decedent's detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers observed Plaintiff's Decedent's condition as ill, weak, confused, talking incoherently, defecating and urinating on the floor and otherwise behaving abnormally.

16.     At the time of Plaintiff's Decedent's arrest and detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers knew or should have known that Plaintiff's Decedent needed medical attention yet failed to provide same.

17.     At the time of Plaintiff's Decedent's detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 and JOHN and JANE DOE Chicago Police Officers ignored telephone calls and repeated pleas for medical assistance to Plaintiff's Decedent by his out-of-state family members and other concerned individuals.

18.     Despite said repeated pleas for medical attention and Plaintiff's Decedent's deteriorating physical and mental condition, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers failed to provide medical attention to Plaintiff's Decedent.

4

19.     Plaintiff's Decedent, exhibiting the symptoms described in Paragraph 15, remained in custody for over forty-eight (48) hours, during which time he slept on a cold concrete floor without proper hydration.

20.     The conditions in which Plaintiff's Decedent remained in custody exacerbated his physical injuries and caused or contributed to his ultimate death.

21.     During the time Plaintiff's Decedent remained in police custody, he was in clear need of medical attention.

22.     Agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers failed to provide adequate medical assistance and/or assistance to Plaintiff's Decedent and such failure caused his death.

23.     Plaintiff's Decedent was ultimately released from custody after over forty-eight (48) hours of forced detention, and at the expiration of said time, was rushed by ambulance to St. Bernard's Hospital for emergency medical treatment.

24.     Plaintiff's Decedent was not charged with any criminal conduct in relation to the Accident.

25.     The Accident was caused by a medical condition suffered by Plaintiff's Decedent just before the accident.

26.     From the time of Plaintiff's Decedent's detention on April 25, 2008 through the time of his release on or about April 27, 2008, Plaintiff's Decedent was under the custody and control of the CHICAGO POLICE DEPARTMENT, and others, and was not free to leave John Stroger Hospital or the police facility.

27.     The CITY OF CHICAGO and its police officers have a legal responsibility for the safety, health and well-being of persons in their custody and control.

5

28.     During the time of Plaintiff's Decedent's detention, the CITY OF CHICAGO, through the conduct of its police officers, deprived Plaintiff's Decedent access to medical care.

29.     Upon information and belief, the CITY OF CHICAGO has a custom and practice to deliberately ignore the medical needs of persons detained or otherwise held in police custody, and in this case, deliberately ignored the medical needs of Plaintiff's Decedent.

30.     The CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint  and JOHN and JANE DOE Chicago Police Officers deliberately failed to provide medical care to Plaintiff's Decedent in a timely fashion.

## COUNT I
## 1983 ACTION AGAINST JOHN AND JANE DOE CHICAGO POLICE OFFICERS FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

31.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 30, *supra*, as if fully set out herein, and expressly makes them part of Count I.

32.     The actions of  agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers, as detailed above, were aware of Plaintiff's Decedent and his substantial risk of serious injury and death, and  intentionally and/or recklessly failed to take appropriate steps to protect him. These acts and/or omissions constitute deliberate indifference to Plaintiff's Decedent's medical needs and thus violate the Fourteenth Amendment to the United States Constitution.

33.     The injuries to Plaintiff's Decedent were objectively and noticeably serious and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers were deliberately indifferent to his health and/or safety and their actions or inactions were objectively unreasonable.

34.     As a direct and proximate result of these Constitutional violations, Plaintiff's Decedent was caused to suffer, *inter alia*, pneumonia and multi-organ failure which led to his ultimate death.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, demands judgment against agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers, jointly and severally, for compensatory damages in a sum in excess of $100,000.00 and because said Defendants acted deliberately, intentionally, maliciously, wantonly, or oppressively, an award of punitive damages to be determined by a jury, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
## 1983 ACTION (MONELL CLAIM) AGAINST THE CITY OF CHICAGO

35.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 34, *supra*, as if fully set out herein, and expressly makes them part of Count II.

36.     The actions of agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers were caused in part by one or more interrelated *de facto* as well as explicit policies, practices and/or customs and procedures of the CITY OF CHICAGO and its police department.

37.     At all times material to this Complaint, the CITY OF CHICAGO and its police department, and interrelated *de facto* policies, practices, and customs which included, *inter alia,*

    (a) The CITY OF CHICAGO and its police department's inexcusable and intentional failure to properly train police officers to identify and respond to pretrial detainees, such as Plaintiff's Decedent, who exhibit obvious signs of physical and/or mental

illness, despite the existence of a protocol designed specifically to address situations in which a pretrial detainee exhibits signs of physical and/or mental illness, requiring police officers to seek a physical and/or psychiatric evaluation;

(b) The failure to implement its policy under which each police district has a designated police officer during each working shift possessed with knowledge of the police department's protocol in responding to pretrial detainees exhibiting obvious signs of physical and/or mental illness, having received formal training in regards to said protocol; and

(c) Fostering an environment in which police officers are encouraged to deliberately ignore a pretrial detainee's obvious signs of physical and/or mental illness and instead are encouraged to detain detainees in deplorable conditions until such time as charges are contemplated and uncharged detainees must be released.

38.     Said policies, practices and customs, as set forth above, both individually and collectively, were maintained and implemented with deliberate indifference, and caused agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers to commit the aforesaid acts against Plaintiff's Decedent and, therefore, acted as direct and proximate causes of said constitutional violations, and death to Plaintiff's Decedent.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

**COUNT III**
**SUPPLEMENTAL STATE LAW CLAIM FOR WRONGFUL DEATH AGAINST**
**DEFENDANTS CITY OF CHICAGO and known Chicago Police Officers/agents/servants**
**identified in Paragraph 5 and JOHN and JANE DOE**
**CHICAGO POLICE OFFICERS**

39.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 38, *supra,* as if fully set out herein, and expressly makes them part of Count III.

40.     The death of Plaintiff's Decedent was proximately caused by the aforesaid wrongful acts and /or omissions of agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO and Defendants agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV
### SUPPLEMENTAL STATE LAW CLAIM FOR SURVIVAL AGAINST DEFENDANTS CITY OF CHICAGO and known Chicago Police Officers/agents/servants identified in Paragraph 5 and JOHN and JANE DOE
### CHICAGO POLICE OFFICERS

41.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 40, *supra,* as if fully set out herein, and expressly makes them part of Count IV.

42.     The death of Plaintiff's Decedent was directly and proximately caused by the aforesaid wrongful acts and/or omissions of agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph

5 of this Complaint and JOHN and JANE DOE Chicago Police Officers, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT V
## SUPPLEMENTAL STATE LAW CLAIM FOR WILLFUL AND WANTON CONDUCT AGAINST DEFENDANTS CITY OF CHICAGO and known Chicago Police Officers/agents/servants identified in Paragraph 5 and JOHN and JANE DOE CHICAGO POLICE OFFICERS

43.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 42, *supra,* as if fully set out herein, and expressly makes them part of Count V.

44.     On April 25 through April 27, 2008, Plaintiff's Decedent was in the custody and under the complete control of the CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN and JANE DOE Chicago Police Officers.

45.     The CITY OF CHICAGO is liable for any injury or harm from acts committed by its officers, servants, agents and/or employees arising in the course of their employment, pursuant to Illinois common law , 745 ILCS 10/2-302 and 745 ILCS 10/9-102.

46.     At the time and place of the Plaintiff's Decedent's custody and detention, the CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE DOE Chicago Police Officers had a duty of care toward Plaintiff's Decedent, including a duty to refrain from willful and wanton acts that would cause suffering or injury to Plaintiff's Decedent.

47.     As detailed above, the CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE

DOES Chicago Police Officers had actual knowledge that Plaintiff's Decedent was suffering from a mental condition and was experiencing severe physical and psychiatric ailments which could cause him harm or death. The officers had actual knowledge from the repeated reports given by Plaintiff's Decedent's family and friends while in police custody. Plaintiff's Decedent's condition clearly required immediate care and transfer to a health and/or mental facility to protect him from imminent harm.

48.     However, the CITY OF CHICAGO, and its agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE DOES Chicago Police Officers demonstrated an utter indifference to Plaintiff's Decedent's safety when the CITY OF CHICAGO and its officers, agents, servants and/or employees deliberately ignored Plaintiff's Decedent's need for immediate physical and mental health care when they were aware of a risk of harm and/or his death.

49.     In addition, the CITY OF CHICAGO and its agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE DOES Chicago Police Officers demonstrated a willful and wanton and utter indifference to Plaintiff's Decedent's safety when the CITY OF CHICAGO and its agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE DOES Chicago Police Officers  placed Plaintiff's Decedent into a concrete cell without medical care and adequate hydration with actual knowledge that he was involved in a serious vehicular accident and sustained injuries as a result thereof and that his physical and mental condition were quickly and seriously deteriorating and that he was in danger of harm and/or death.

50.     As detailed above, the CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Complaint and JOHN AND JANE

DOE Chicago Police Officers willfully and wantonly committed one or more of the following acts:

(a) Deliberately and/or intentionally failed to provide Plaintiff's Decedent with access to physical and mental health care at the time of his arrest, while in police custody and at the time of his custodial release despite actual knowledge of Plaintiff's Decedent's deteriorated physical and mental condition as reported by his family and friends;

(b) Deliberately and/or intentionally failed to provide Plaintiff's Decedent with access to health care at the time of his arrest and while in police custody despite actual knowledge that Donald was suffering from physical and psychological conditions;

(c) Deliberately and/or intentionally and with utter disregard for Plaintiff's Decedent's safety and physical and mental condition failed at the time of his arrest and while in police custody, to heed the pleas of family members and friends that Plaintiff's Decedent was in poor health and to provide medical care and assistance to Plaintiff's Decedent;

(d) Deliberately and/or intentionally and with utter disregard for Plaintiff's Decedent's safety at the time of his arrest and while in police custody, failed to provide Plaintiff's Decedent's family with information regarding his condition at the time of his arrest and while in custody, which would have afforded them an opportunity to provide for his medical care by authorizing said care;

(e) Deliberately and/or intentionally represented to family members and friends that any decision regarding what to do with Plaintiff's Decedent and his physical and mental condition would remain the responsibility of the Chicago Police Department and its police officers and then deliberately and recklessly failed to provide any care for Plaintiff's Decedent's physical and mental health;

12

(f) Deliberately and/or intentionally and with utter and conscious disregard for his safety, allowed Plaintiff's Decedent to remain in a cold cell without clothing and hydration, and, upon information and belief, allowed the Plaintiff's Decedent to remain in his own urine and feces.

51.    As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Plaintiff's Decedent developed multi-organ failure that led to his ultimate death.

52.    As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Ann Darlene Wells suffers loss and companionship of her husband.

WHEREFORE, Plaintiff , ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the CITY OF CHICAGO and Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Officer John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Sanders Tracey, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Robert Garza, Star No. 21028, Detective Cullen Murphy, Star No. 20961, Detective Galo Guiterrez, Star No. 10018, and JOHN and JANE DOE Chicago Police Officers, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus the costs of this action, and such other and further relief as this court deems just, proper and equitable.

## COUNT VI
## UNLAWFUL DETENTION CLAIM AGAINST THE CITY OF CHICAGO
## PURSUANT TO 42 U.S.C. §1983

53.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 52, *supra,* as if fully set out herein, and expressly makes them part of Count VI.

54.     As describe more above, Plaintiff's Decedent was arrested and detained by Officers of the Chicago Police Department without being afforded a prompt post-arrest probable cause hearing, in a manner which violates the Fourth Amendment of the United States Constitution. This deprivation of Plaintiff's Decedent's Constitutional rights was effected under color of law, and Plaintiff's Decedent died as a result thereof.

55.     Within hours of his arrest, Plaintiff's Decedent invoked his right to counsel.

56.     Shortly after his arrest, Plaintiff's Decedent submitted to blood and urine tests to detect the presence of drugs and /or alcohol in his body, and Officers of the Chicago Police Department obtained the results of these tests within hours after taken.

57.     The results confirmed that there were no drugs, alcohol or other substances in Plaintiff's Decedent's  body that would have impaired his ability to drive a motor vehicle at the time of the accident.

58.     Despite knowing the information  in the preceding Paragraphs,  Officers of the Chicago Police Department unlawfully and without justification kept the Plaintiff's Decedent in custody.

59.     Plaintiff's Decedent remained in the custody of the Chicago Police Department for over forty-eight (48) hours and was not taken to court at any time during his custody for a probable cause determination.

60.     Plaintiff 's Decedent had a constitutional right to prompt judicial determination of probable cause.

61.     Plaintiff's Decedent was not taken to court because Officers of the Chicago Police Department were still conducting their investigation.

62.     Defendants' failure to process Plaintiff's Decedent was intentional and in accordance with a longstanding official and unconstitutional policy or custom of the Chicago Police Department as a result of which Chicago police officers detain suspects for up to 48 hours for investigative purposes.

63.     Defendants' official and unconstitutional policy or custom is to detain suspects and arrestees for investigatory purposes rather than process the detainee or arrestee for court.

64.     Post-detention delays for investigatory purposes are per se unreasonable and violate the Fourth Amendment and the failure to process Plaintiff's Decedent for court within a reasonable time was caused by this policy.

65.     The City of Chicago caused this deprivation of rights of Plaintiff's Decedent and is liable for damages, *inter alia*, because:

   a.  The City of Chicago maintains an unjustified and unconstitutional official policy or custom of preventing arrestees from obtaining a probable cause hearing until the felony review process is complete and while the Chicago Police Department gathers additional evidence;

   b.  The City of Chicago fails to adequately train its officers on the constitutional requirements for affording prompt probably cause hearings, and fails to supervise and control its officers' activities in this area, and is thereby the force behind the very type of misconduct at issue here, and its failure to do so manifests deliberate indifference;

   c.  As a matter of official policy, custom and practice, the Chicago Police Department facilitates the very type of unconstitutional misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby

15

leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff's Decedent;

d.  The City of Chicago has failed to act to remedy the patterns of misconduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

e.  Detainees are taken to police stations for questioning and are kept in rooms that do not have toilet facilities or running water and are typically furnished only with a metal bench bolted to the wall;

f.  Suspects remain in these rooms while the officers who seized them continue their investigation;

g.  The official unconstitutional policy, practice and custom of the City described in the preceding paragraphs is widespread, permanent and well-settled;

h.  The City's practice has been to delay presentment in order to enable its officers to investigate and thereby to create a probable cause to justify the arrest; and

i.  The City's unconstitutional official policy, custom and practice caused the unreasonable and unlawful detention of Plaintiff's Decedent.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the CITY OF CHICAGO for compensatory damages and attorneys' fees and for any other relief this Court deems just and appropriate.

## COUNT VII
## UNLAWFUL DETENTION CLAIM AGAINST DEFENDANT OFFICERS
## PURSUANT TO 42 U.S.C. §1983

66.    Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 65, *supra,* as if fully set out herein, and expressly makes them part of Count VII.

67.    As described above, Defendant Officers referred to in Paragraph 5 of this Complaint held Plaintiff's Decedent without affording him a probable cause hearing in a manner which violated the Fourth Amendment.

68.    The misconduct described in this and previous Counts  was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff's Decedent.

69.    As a result of this misconduct, Plaintiff's Decedent died.

70.    The misconduct described in this and previous Counts was undertaken pursuant to the official unconstitutional policy, custom and practice of the Chicago Police Department in the manner described in this and previous Counts.

71.    The misconduct described in this and previous Counts was engaged in by Defendant Officers referred to in Paragraph 5 of this Complaint with deliberate indifference to clearly established constitutional rights of Plaintiff's Decedent.

        WHEREFORE, ,  Plaintiff , ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against Defendants Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Officer John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Sanders Tracey, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698,   Detective Elliott Musial, Star No. 19416, Detective Robert  Garza, Star  No. 21028, Detective Cullen

Murphy, Star No. 20961, Detective Galo Guiterrez, Star No. 10018 for compensatory damages, punitive damages and attorneys' fees and for any other relief this Court deems just and appropriate.

**The Plaintiff demands a trial by jury on each and every count of this Complaint at Law.**

Respectfully submitted,

STATMAN, HARRIS & EYRICH, LLC

By: _____/s/ Donna Rizzuto_____
Attorneys for Plaintiff, ANN
DARLENE WELLS, as
Representative of the Estate of
Donald L. Wells

STATMAN, HARRIS & EYRICH LLC
200 W. Madison Street, Suite 3820
Chicago, Illinois 60606
312.263.1070
Attorney No. 31-1662250

18