UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased,<br>　　　　　　　　　　　　　　　　　　　Plaintiff,<br>　　v.<br>CITY OF CHICAGO, a Municipal Corporation, and CHICAGO POLICE DEPARTMENT employees/servants/agents as follows: Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey, Star No. 19053, and Officer Levi P. Roberts, Star No. 12313,<br>　　　　　　　　　　　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )　**Case No. 09 C 1198**<br>　**Judge Kennelly**<br><br><br><br><br><br><br><br><br><br><br>　**JURY TRIAL DEMAND** |

## THIRD AMENDED COMPLAINT AT LAW

Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells,

deceased, by her attorneys, HOWARD and HOWARD and REYES and BONOMA Ltd, hereby

files this Third Amended Complaint at Law against Defendants, CITY OF CHICAGO, a

Municipal Corporation, and CHICAGO POLICE DEPARTMENT employees/servants/agents as

follows: Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812,

Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey

Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No.

7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt.

Ronald Behling, Star No. 1886, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey, Star No. 19053, and Officer Levi P. Roberts, Star No. 12313, and states as follows:

## INTRODUCTION

1.    This is a civil action seeking damages against the City of Chicago, and certain Chicago Police Officers, whom, while acting under the color of law, deprived DONALD L. WELLS of rights secured under the Constitution and laws of the United States, including the rights secured under the Fourth and Fourteenth Amendment to the United States Constitution. This action also includes related Illinois State-Law claims of wrongful death and survival.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. sections 1331; 1341(3) and (4); and 1343; and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. section 1367 to hear and decide related claims arising out of state law.

## PARTIES

3.    Plaintiff, ANN DARLENE WELLS ("Plaintiff"), is a citizen of the United States, who currently resides in and is a resident of Metamora, Michigan. Plaintiff brings this action as the

2

Representative of the Estate of her deceased husband, DONALD L. WELLS, who was a citizen of the United States of America. Plaintiff is the Personal Representative of the Estate of DONALD L. WELLS, with Letters of Authority issued on September 24, 2008 by the Lapeer County Probate Court in Flint, Michigan.

4. Defendant, CITY OF CHICAGO, is a municipal corporation in Cook County, Illinois. The CITY OF CHICAGO operates a police department in Chicago, Illinois.

5. Defendants Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey, Star No. 19053, and Officer Levi P. Roberts, Star No. 12313, are officers, agents and/or employees of the CITY OF CHICAGO Police Department.

6. At all times relevant hereto, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Third Amended Complaint were acting under color of law and pursuant to and in furtherance of statutes, ordinances, regulations, customs, policies and usages of the City of Chicago and the Chicago Police Department. At all times relevant hereto, these individuals were acting within the scope of their employment with the CITY OF CHICAGO.

3

# FACTS

7.     On April 25, 2008, DONALD L. WELLS ("Plaintiff's Decedent") was a sixty-four year old male truck driver employed by Whiteline Express, Ltd.   Donald Wells died on June 13, 2008.

8.     Plaintiff's Decedent traveled to Chicago, Illinois on or about April 25, 2008.

9.     On said date, while driving a semi-tractor trailer for Whiteline Express, Ltd., Plaintiff's Decedent was involved in an accident wherein the truck he was driving collided with the Chicago Transit Authority station at the intersection of Cermak Road and 22nd Street, an area commonly known as Chinatown (hereinafter referred to as the "Accident").

10.     Shortly after the Accident, Chicago Police Department took Plaintiff's Decedent into custody while he was being treated at Stroger Hospital.

11.     Plaintiff's Decedent was thereby detained by certain police officers, agents, servants and/or employees of the Chicago Police Department.  Those involved with the detention of Plaintiff's Decedent at Stroger Hospital and his subsequent detention at the police facility located at 51st and Wentworth are among those listed in Paragraph 5 of this Third Amended Complaint and include: Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, Captain John B. Farrell, Star No. 0006,  and Lt. Arthur Block, Star No. 600.

12.     At the time of Plaintiff's Decedent's arrest and subsequent detention, police officers, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5

of this Third Amended Complaint were aware that Plaintiff's Decedent was involved in a severe traffic accident and suffered injuries as a result thereof.

13. At the time of Plaintiff's Decedent's detention, certain agents, servants and/or employees of the City of Chicago, all of whom are among those listed in Paragraph 5 of this Third Amended Complaint, observed, or were informed, that Plaintiff's Decedent's was: (1) ill, weak, had substantial bruising; (2) had difficulty standing and walking; (3) moaned and groaned in pain; (4) was confused, disoriented, talking incoherently, and was unable to respond to questions; (5) defecated and urinated on the floor and himself; (6) repeatedly removed all or most of his clothes; (7) did not drink or eat; and (8) otherwise behaved abnormally. These certain agents, officers, and servants, all of whom are listed in paragraph 5 above, include the following: Defendants Detective Michael Deneen, Star No. 19012, Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey Sanders, Star No. 1271, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey, Star No. 19053, and Officer Levi P. Roberts, Star No. 12313.

14. At the time of Plaintiff's Decedent's arrest and detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint knew or should have known that Plaintiff's Decedent needed immediate medical attention yet failed to provide same.

15.     At the time of Plaintiff's Decedent's detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 ignored telephone calls and repeated pleas for medical assistance to Plaintiff's Decedent by his out-of-state family members and other concerned individuals, including at least one attorney who interviewed Wells and found him to be in need of immediate medical attention.

16.     At the time of Plaintiff's Decedent's detention, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13, had information and access to information in the form of discharge papers from Stroger Hospital, which instructed that the Plaintiff's Decedent was to return to Stroger Hospital or another medical facility if his symptoms worsened.

17.     Despite said repeated pleas for medical attention, the discharge instructions from Stroger Hospital, and Plaintiff's Decedent's deteriorating physical and mental condition, agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint failed to obtain medical attention to Plaintiff's Decedent.

18.     Plaintiff's Decedent, exhibiting the symptoms described in Paragraph 13, remained in custody for over forty-eight (48) hours, during which time he slept on a cold concrete floor without proper hydration, nutrition and medical care.

19.     The conditions in which Plaintiff's Decedent remained in custody exacerbated his physical injuries and caused or contributed to his ultimate death.

20.     During the time Plaintiff's Decedent remained in police custody, he was in clear need of medical attention.

21.     All of the Defendant officers named in Paragraph 13 had notice and knowledge of Mr. Wells' need for immediate medical attention from their own observations, the discharge papers

from Stroger Hospital, and from the repeated verbal warnings provided by the Plaintiff's Decedent's family and at least one attorney.

22. The Defendant officers listed in Paragraph 13 also knew of the seriousness of the Plaintiff's Decedent's medical condition as Plaintiff's Decedent's was: (1) ill, weak, had substantial bruising; (2) had difficulty standing and walking; (3) moaned and groaned in pain; (4) was confused, disoriented, talking incoherently, and was unable to respond to questions; (5) defecated and urinated on the floor and himself; (6) repeatedly removed all or most of his clothes; (7) did not drink or eat; and (8) otherwise behaved abnormally.

23. The scope of the medical treatment needed by the Plaintiff's Decedent could have been easily accomplished by the Chicago Police Department.

24. There are hospitals with emergency rooms located within minutes of the Second District lock-up where Plaintiff's Decedent was being held.

25. The Second District is located in one of the five main Area Headquarters. The Second District is staffed 24 hours a day with a full complement of officers on each shift.

26. The Second District has access to numerous police vehicles and has experience transporting detainees. Detainees are transported to various locations on a daily basis without incident.

27. In the alternative, the Chicago Police Department has the authority and ability to call for an ambulance to transport any detainee who may be in need of serious medical attention.

28. During his entire stay in the Second District lock-up, there were no investigatory concerns present which would have required that Plaintiff's Decedent remain in the Second District lock-up without access to medical attention. Plaintiff's Decedent had already been subjected to toxicological tests and had already been exhaustively interviewed .

29.     During his entire stay in the Second District lock-up, there were no penological concerns present which would have required that Plaintiff's Decedent remain in the Second District lock-up without access to medical attention. Plaintiff's Decedent never posed a security risk and could have been taken to a nearby hospital without expending significant resources.

30.     During his entire stay in the Second District lock-up, there were no administrative concerns present which would have required that Plaintiff's Decedent remain in the Second District lock-up without access to medical attention. Any Defendant officer listed in Paragraph 13 could have arranged for the Plaintiff's Decedent to obtain medical attention.

31.     During his time in custody, Plaintiff's Decedent suffered pain and emotional distress.

32.     Agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint failed to provide adequate medical assistance and/or assistance to Plaintiff's Decedent and such failure caused or contributed to his death.

33.     Plaintiff's Decedent was ultimately released from custody after a period in excess of forty-eight (48) hours of forced detention, and at the expiration of said time, was rushed by ambulance to St. Bernard's Hospital for emergency medical treatment.

34.     In the six weeks following his release from police custody, Plaintiff's Decedent remained hospitalized until the day he died. During that time, Plaintiff's Decedent suffered pain and emotional distress and was subjected to numerous medical procedures.

35.     Plaintiff's Decedent was not charged with any criminal conduct in relation to the Accident. Rather, Plaintiff's Decedent was issued a traffic citation for negligent driving.

36.     From the time of Plaintiff's Decedent's detention on April 25, 2008 through the time of his release on or about April 27, 2008, Plaintiff's Decedent was under the custody and control of the CHICAGO POLICE DEPARTMENT, and the officers, agents, and servants listed in

Paragraph 5 and was not free to leave John Stroger Hospital or the police facility located at 51st and Wentworth.

37.  The CITY OF CHICAGO and its police officers have a legal responsibility for the safety, health and well-being of persons in their custody and control.

38.  During the time of Plaintiff's Decedent's detention, the CITY OF CHICAGO, through the conduct of its police officers, deprived Plaintiff's Decedent access to medical care.

39.  The CITY OF CHICAGO has a custom and practice to deliberately ignore the medical needs of persons detained or otherwise held in police custody, and in this case, deliberately ignored the medical needs of Plaintiff's Decedent.

40.  The custom and practice of the CITY OF CHICAGO to ignore the medical needs of persons detained in police custody is further established by the Department's failure to train any of its officers, servants, or agents in recognizing when detainees are in medical distress or in need of medical attention.

41.  The CITY OF CHICAGO and agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Third Amended Complaint deliberately failed to provide medical care to Plaintiff's Decedent in a timely fashion.

## COUNT I
### 1983 ACTION - OBJECTIVELY UNREASONABLE DENIAL OF MEDICAL ATTENTION UNDER THE FOURTH AMENDMENT
(against Defendants Detective Michael Deneen, Star No. 19012, Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey Sanders, Star No. 1271, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey,

**Star No. 19053, Officer David Norman, Star No. 3719, and Officer Levi P. Roberts, Star No. 12313).**

42.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 41, *supra*, as if fully set out herein, and expressly makes them part of Count I.

43.     The agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint were: (1) aware of Plaintiff's Decedent's physical and mental condition and his substantial risk of serious injury and death; and (2) failed to take appropriate steps to protect him by providing medical attention.

44.     The actions of the Defendant officers listed in Paragraph 13 were objectively unreasonable under the Fourth Amendment.

45.     The injuries to Plaintiff's Decedent were objectively and noticeably serious. The agents, servants and employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint were on notice and had knowledge of the seriousness of Plaintiff's Decedent's medical condition through their own observations, the verbal warnings provided, and by the Stroger Discharge papers.

46.     The scope of the needed treatment was reasonable, necessary, and could have been accomplished with minimal use of readily available resources.

47.     There were no investigatory, penological, or administrative concerns present that required Plaintiff's Decedent to be held in the Second District lock-up without medical attention.

48.     The balancing of respective interests weighed heavily in favor of obtaining immediate medical treatment for the Plaintiff's Decedent.

49.     As a direct and proximate result of this Constitutional violation, Plaintiff's Decedent suffered from, *inter alia*, pneumonia, acute renal failure, and multi-organ failure which ultimately led to his death.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, demands judgment against agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus the costs of this action, attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 1983 ACTION – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
**(against Defendants   Detective Michael Deneen, Star No. 19012, Captain John B. Farrell, Star No. 0006, Officer Arthur Carr, Jr., Star No. 17789, Sgt. Tracey Sanders, Star No. 1271, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. John P. Clifford, Star No. 855, Sgt. Richard E. Moravec, Star No. 933, Officer David Norman, Star No. 3719, Sgt. Steven R. Rowling, Star No. 933, Sgt. Jesse Terrazas, Star No. 1539, Lt. Arthur Block, Star No. 600, Officer Edgar Carlos, Star No. 6540, Detention Aide Torrance T. Davis, Sgt. Leonard Fitch, Star No. 2332, Detention Aide Lloyd Huddleston, Officer Philrick Hurns, Star No. 6866, Lt. William Kilroy, Jr. Star No. 280, Officer Fulton Knight, Star No. 4036, Officer Sylvester Mackey, Star No. 19053, and Officer Levi P. Roberts, Star No. 12313).**

50.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 49, *supra*, as if fully set out herein, and expressly makes them part of Count II.

51.     The agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint were aware of Plaintiff's Decedent's physical and mental condition and his substantial risk of serious injury and death, and intentionally and/or recklessly failed to take appropriate steps to protect him by providing medical attention.

52.     The acts and/or omissions of Officers identified in Paragraph 13 constitute deliberate indifference to Plaintiff's Decedent's medical needs and, thus, violate the Fourteenth Amendment of the United States Constitution.

53. Plaintiff's Decedent's injuries were objectively and noticeably serious. The agents, servants and employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint were deliberately indifferent to the health and safety of the Plaintiff's Decedent.

54. As a direct and proximate result of this Constitutional violation, Plaintiff's Decedent suffered from, *inter alia*, pneumonia, acute renal failure, and multi-organ failure which ultimately led to his death.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, demands judgment against agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, and because said Defendants acted deliberately, intentionally, maliciously, wantonly, or oppressively, an award of punitive damages to be determined by a jury, plus the costs of this action, attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT III
### 1983 ACTION (MONELL CLAIM) AGAINST THE CITY OF CHICAGO

55. Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 54, *supra*, as if fully set out herein, and expressly makes them part of Count III.

56. The actions of agents, servants and/or employees of the City of Chicago referred to in Paragraph 5 of this Third Amended Complaint were caused in part by one or more interrelated *de facto* as well as explicit policies, practices and/or customs and procedures of the CITY OF CHICAGO and its police department.

12

57. At all times material to this Third Amended Complaint, the CITY OF CHICAGO and its police department, and interrelated *de facto* policies, practices, and customs which included, *inter alia,*

(a) The CITY OF CHICAGO and its police department's inexcusable and intentional failure to train police officers to identify and respond to pretrial detainees, such as Plaintiff's Decedent, who exhibit obvious signs of physical and/or mental illness, despite the existence of a protocol designed specifically to address situations in which a pretrial detainee exhibits signs of physical and/or mental illness, requiring those untrained police officers to act to seek a physical and/or psychiatric evaluation so the detainee may get proper attention;

(b) The failure of the Chicago Police Department to insure that any orders, information or training that is conveyed to its employees, agents and servants is actually received, absorbed and understood by the officer in question;

(c) The failure to implement its policy under which each police district has a designated police officer during each working shift possessed with knowledge of the police department's protocol in responding to pretrial detainees exhibiting obvious signs of physical and/or mental illness, having received formal training in regards to said protocol;

(d) The failure to insure a flow of critical information regarding the physical and mental condition of detainees in the form of: 1) medical information provided by family members and other concerned individuals including attorneys; 2) medical records and papers that contain follow-up instructions regarding the detainee's care; 3) indications of abnormal behavior exhibited by the detainee; and 4) information regarding if a detainee has eaten and taken in fluids;

(e) Fostering an environment in which police officers are encouraged to deliberately ignore a pretrial detainee's obvious signs of physical and/or mental illness and instead are encouraged to detain detainees in deplorable conditions until such time as charges are contemplated and uncharged detainees must be released;

(f) As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train and supervise its officers, such that its failure to do so manifests deliberate indifference;

(g) The City of Chicago has failed to remedy the patterns of behavior described in these subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

(h) As a matter of policy and practice, the City of Chicago, facilitates the type of constitutional violation at issue here by failing to punish and discipline prior instances of officers' failure to provide medical attention to detainees, thereby leading officers and providers to believe their actions will never be scrutinized, thereby encouraging future abuses such as those affecting Plaintiff;

(i) The policy and practice is furthered by the actions of the City of Chicago in making findings in a disproportional small number of cases involving officers accused of misconduct similar to that here;

13

(j)  Such policy and practice also condones a "code of silence" in the City of Chicago Police Department that condones the failure to report actions and omissions resulting in detainees being denied adequate medical attention; this results in additional constitutional violations of the same nature, such as the one set forth in this Third Amended Complaint.

58.    Said policies, practices and customs, as set forth above, both individually and

collectively, were maintained and implemented with deliberate indifference, and caused agents,

servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this

Third Amended Complaint to commit the aforesaid acts against Plaintiff's Decedent and,

therefore, acted as direct and proximate causes of said constitutional violations, and death to

Plaintiff's Decedent.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of

DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO,

for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to

be determined by a jury, plus attorney's fees pursuant to statute and the costs of this action, and

such other and further relief as this Court deems just, proper, and equitable.


### COUNT IV
### SUPPLEMENTAL STATE LAW CLAIM FOR WRONGFUL DEATH
### AGAINST DEFENDANT CHICAGO POLICE OFFICERS LISTED
### IN PARAGRAPH 5.

59.    Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

58, *supra,* as if fully set out herein, and expressly makes them part of Count III.

60.    The death of Plaintiff's Decedent was proximately caused by the aforesaid wrongful acts

and /or omissions of agents, servants and/or employees of the Chicago Police Department listed

in Paragraph 5 of this Third Amended Complaint.

61.     The death of Plaintiff's Decedent was proximately caused by the aforesaid wrongful acts and /or omissions of agents, servants and/or employees of the Chicago Police Department listed in Paragraph 5 of this Third Amended Complaint.

62.     By reason of the death of Plaintiff's Decedent, Plaintiff Darlene Wells has suffered pecuniary damages, including the loss of comfort, love, affection, protection and society of the decedent.

63.     The Estate has incurred substantial medical expenses and funeral expenses.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendants agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Third Amended Complaint, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.


## COUNT V
## SUPPLEMENTAL STATE LAW CLAIM FOR WRONGFUL DEATH
## AGAINST DEFENDANT CITY OF CHICAGO

64.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 63, *supra,* as if fully set out herein, and expressly makes them part of Count V.

65.     The agents, servants and/or employees of the Chicago Police Department listed in Paragraph 5 of this Third Amended Complaint breached a duty they owed to Plaintiff Decedent by unlawfully detaining him and by withholding needed medical care.

66.    The death of Plaintiff's Decedent was proximately caused by the aforesaid wrongful acts and /or omissions of agents, servants and/or employees of the Chicago Police Department listed in Paragraph 5 of this Third Amended Complaint.

67.    By reason of the death of Plaintiff's Decedent, Plaintiff Darlene Wells has suffered pecuniary damages, including the loss of comfort, love, affection, protection and society of the decedent.

68.    The Estate has incurred substantial medical expenses and funeral expenses.

69.    During the period of time when the death of Plaintiff's Decedent was caused by the wrongful actions or omissions of the individuals listed in Paragraph 5, such individuals were acting as employees, servants and/or agents of the Defendant City of Chicago.

70.    In committing the wrongful acts and omissions detailed in the preceding paragraphs, Defendant officers and employees listed in Paragraph 5 were acting at all relevant times within the scope of their employment.

71.    Defendant City of Chicago is liable as the principal for all torts committed by its employees, agents and servants.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT VI
## SUPPLEMENTAL STATE LAW CLAIM FOR SURVIVAL
## AGAINST DEFENDANT CHICAGO POLICE
## OFFICERS/AGENTS/SERVANTS IDENTIFIED IN PARAGRAPH 5

72.    Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 71, *supra,* as if fully set out herein, and expressly makes them part of Count VI.

73.    The death of Plaintiff's Decedent was directly and proximately caused by the aforesaid wrongful acts and/or omissions of agents, servants and/or employees of the City of Chicago referred to in Paragraph 5 of this Third Amended Complaint.

74.    Prior to the death of the Plaintiff's Decedent, he spent six weeks in two different hospitals going through numerous tests and procedures. He suffered great pain and emotional suffering as a result of the Defendants actions as detailed above.

75.    As a direct and proximate result of one or more of the aforementioned acts or omissions of agents, servants and/or employees of the City of Chicago referred to in Paragraph 5 of this Third Amended Complaint, the Plaintiff's decedent suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the aforementioned Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 of this Third Amended Complaint, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT VII
## SUPPLEMENTAL STATE LAW CLAIM FOR SURVIVAL
## AGAINST DEFENDANT CITY OF CHICAGO

76. Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 75, *supra,* as if fully set out herein, and expressly makes them part of Count VII.

77. The death of Plaintiff's Decedent was directly and proximately caused by the aforesaid wrongful acts and/or omissions of agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5.

78. During the period of time when the death of Plaintiff's Decedent was caused by the wrongful actions or omissions of the individuals listed in Paragraph 5, such individuals were acting as employees, servants and/or agents of the Defendant City of Chicago.

79. In committing the wrongful acts and omissions detailed in the preceding paragraphs, Defendant officers and employees listed in Paragraph 5 were acting at all relevant times within the scope of their employment.

80. Defendant City of Chicago is liable as the principal for all torts committed by its employees, agents and servants.

81. As a direct and proximate result of one or more of the aforementioned acts or omissions of the agents, servants and/or employees of the City of Chicago referred to in Paragraph 5 of this Third Amended Complaint, the Plaintiff's decedent suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the aforementioned Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Representative of the Estate of DONALD L. WELLS, deceased, demands judgment against Defendant, CITY OF CHICAGO

for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus costs and attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

**COUNT VIII**
**SUPPLEMENTAL STATE LAW CLAIM FOR WILLFUL AND**
**WANTON CONDUCT AGAINST CHICAGO POLICE**
**OFFICERS/AGENTS/SERVANTS IDENTIFIED IN PARAGRAPH 13**

82.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 81, *supra,* as if fully set out herein, and expressly makes them part of Count VIII.

83.     At the time and place of the Plaintiff's Decedent's custody and detention, the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint had a duty of care toward Plaintiff's Decedent, including a duty to refrain from willful and wanton acts that would cause suffering or injury to Plaintiff's Decedent.

84.     As detailed above, the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint had actual knowledge that Plaintiff's Decedent was experiencing severe physical and psychiatric ailments that could cause him harm or death.  The officers had actual knowledge from the repeated reports given by Plaintiff's Decedent's family and friends while in police custody; from the medical information received from Stroger Hospital, and from the obvious and apparent deterioration of Plaintiff's Decedent's medical condition as detailed in Paragraph 13.  The condition of the Plaintiff's Decedent clearly required immediate care and transfer to a health and/or mental facility to protect him from imminent harm.

85.     However, the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint demonstrated an utter indifference

19

to Plaintiff's Decedent's health and safety when they deliberately ignored Plaintiff's Decedent's need for immediate physical and mental health care at a time they were aware of a risk of harm and/or his death.

86.     In addition, the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 5 demonstrated a willful and wanton and utter indifference to Plaintiff's Decedent's safety when the agents, servants and/or employees of the City of Chicago referred to in Paragraph 13 of this Third Amended Complaint kept Plaintiff's Decedent into a concrete cell without medical care and adequate hydration with actual knowledge that he was involved in a serious vehicular accident and had sustained injuries as a result thereof and that his physical and mental condition were quickly and seriously deteriorating and that he was in danger of harm and/or death.

87.     As detailed above, the agents, servants and/or employees of the City of Chicago referred to in Paragraph 13 of this Third Amended Complaint willfully and wantonly committed one or more of the following acts:

(a) Deliberately and/or intentionally failed to provide Plaintiff's Decedent with access to physical and mental health care at the time of his arrest, while in police custody and at the time of his custodial release despite actual knowledge of Plaintiff's Decedent's deteriorated physical and mental condition, the reports by his family and other concerned individuals, and knowledge in the form of discharge papers that Plaintiff's Decedent should return to a medical facility of his condition worsened;

(b) Deliberately and/or intentionally failed to provide Plaintiff's Decedent with access to health care at the time of his arrest and while in police custody despite actual knowledge that Donald was suffering from physical and psychological conditions;

(c) Deliberately and/or intentionally and with utter disregard for Plaintiff's Decedent's safety and physical and mental condition failed at the time of his arrest and while in police custody, to heed the pleas of family members and friends that Plaintiff's Decedent was in poor health and to provide medical care and assistance to Plaintiff's Decedent;

(d) Deliberately and/or intentionally and with utter disregard for Plaintiff's Decedent's safety at the time of his arrest and while in police custody, failed to provide Plaintiff's Decedent's family with information regarding his condition at the time of his arrest and while in custody, which would have afforded them an opportunity to provide for his medical care by authorizing said care;

(e) Deliberately and/or intentionally represented to family members and friends that any decision regarding what to do with Plaintiff's Decedent and his physical and mental condition would remain the responsibility of the Chicago Police Department and its police officers and then deliberately and recklessly failed to provide any care for Plaintiff's Decedent's physical and mental health;

(f) Deliberately and/or intentionally and with utter and conscious disregard for his safety, allowed Plaintiff's Decedent to remain in a cold cell without clothing and hydration, and allowed the Plaintiff's Decedent to remain in his own urine and feces.

88.     As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Plaintiff's Decedent developed pneumonia, acute renal failure and multi-organ failure that led to his ultimate death.

89.     As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Ann Darlene Wells suffers loss and companionship of her husband.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the agents, servants and employees of the Chicago Police Department listed in Paragraph 13, jointly and severally, for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury, plus the costs of this action, and such other and further relief as this court deems just, proper and equitable.

## COUNT IX
### SUPPLEMENTAL STATE LAW CLAIM FOR WILLFUL AND WANTON CONDUCT AGAINST DEENDANT CITY OF CHICAGO

90.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 89, *supra*, as if fully set out herein, and expressly makes them part of Count IX.

91.     At the time and place of the Plaintiff's Decedent's custody and detention, the agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13 of this Third Amended Complaint had a duty of care toward Plaintiff's Decedent, including a duty to refrain from willful and wanton acts that would cause suffering or injury to Plaintiff's Decedent.

92.     As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions committed by the employees, agents and servants, of the Defendant City of Chicago. Plaintiff's Decedent developed pneumonia, acute renal failure and multi-organ failure that led to his ultimate death.

93.     The death of Plaintiff's Decedent was directly and proximately caused by the aforesaid wrongful acts and/or omissions of agents, servants and/or employees of the Chicago Police Department referred to in Paragraph 13.

94.     During the period of time when the death of Plaintiff's Decedent was caused by the wrongful actions or omissions of the individuals listed in Paragraph 13, such individuals were acting as employees, servants and/or agents of the Defendant City of Chicago.

95.     In committing the wrongful acts and omissions detailed in the preceding paragraphs, Defendant officers and employees listed in Paragraph 13 were acting at all relevant times within the scope of their employment.

96.     As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Ann Darlene Wells suffers loss and companionship of her husband.

97.     Defendant City of Chicago is liable as the principal for all torts committed by its employees, agents and servants.

WHEREFORE, Plaintiff , ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the CITY OF CHICAGO for compensatory damages in a sum in excess of $100,000.00, an award of punitive damages to be determined by a jury,  plus the costs of this action, and such other and further relief as this court deems just, proper and equitable.

## COUNT X
### UNLAWFUL DETENTION CLAIM AGAINST DEFENDANT OFFICERS
### PURSUANT TO 42 U.S.C. §1983
**(Against Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, and Lt. Arthur Block, Star No. 600)**

98.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 97, *supra,* as if fully set out herein, and expressly makes them part of Count X.

99.     As describe more above, Plaintiff's Decedent was arrested and detained by Officers of the Chicago Police Department without being afforded a prompt post-arrest probable cause hearing, in a manner which violates the Fourth Amendment of the United States Constitution. This deprivation of Plaintiff's Decedent's Constitutional rights was effected under color of law, and Plaintiff's Decedent died as a result thereof.

100.    Within hours of his arrest, Plaintiff's Decedent invoked his right to counsel.

101.    Shortly after his arrest, Plaintiff's Decedent submitted to blood and urine tests to detect the presence of drugs and /or alcohol in his body, and Officers of the Chicago Police Department obtained the results of these tests within hours after taken from Stroger Hospital.

102.    The results confirmed that there were no drugs, alcohol or other substances in Plaintiff's Decedent's body that would have impaired his ability to drive a motor vehicle at the time of the accident.

103.    Despite knowing the information in the preceding Paragraphs, Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, and Lt. Arthur Block, Star No. 600 unlawfully and without justification kept the Plaintiff's Decedent in custody.

104.    Furthermore, a second set of toxicology tests were conducted by the Illinois State Police Lab. Those results also confirmed that there were no drugs, alcohol or other substances in Plaintiff's Decedent's body that would have impaired his ability to drive a motor vehicle at the time of the accident.

105.    These results were made available to the members of the Chicago Police Department just after noon on April 27, 2008.

106.     Despite the presence of two separate tests that showed that were no drugs, alcohol or other substances in Plaintiff's Decedent's body that would have impaired his ability to drive a motor vehicle at the time of the accident, Plaintiff's decedent was kept in custody for an extended period of time.

107.     During these unnecessary hours in police custody, the condition of the Plaintiff's Decedent continued to deteriorate without receiving medical attention.

108.     Plaintiff's Decedent remained in the custody of the Chicago Police Department for over forty-eight (48) hours and was not taken to court at any time during his custody for a probable cause determination.

109.     Plaintiff 's Decedent had a constitutional right to prompt judicial determination of probable cause.

110.     As described above, Defendants Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, and Lt. Arthur Block, Star No. 600 held Plaintiff's Decedent without affording him a probable cause hearing in a manner which violated the Fourth Amendment.

111.     The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff's Decedent.

112.     This misconduct caused or contributed to the death of the Plaintiff's Decedent as it caused him to spend additional hours in custody while being denied medical care.

113.     The misconduct described in this and previous Counts was engaged in by Defendant Officers referred to in Paragraph 82 of this Third Amended Complaint with deliberate indifference to clearly established constitutional rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against Defendants Detective Michael Deneen, Star No. 19012, Lt. Maureen McMahon, Star No. 19812, Captain John B. Farrell, Star No. 0006, Sgt. Tracey Sanders, Star No. 1271, Officer Rachel Golubiak, Star No. 5453, Officer Joann Butkus, Star No. 7698, Detective Elliott Musial, Star No. 19416, Detective Galo Guiterrez, Star No. 10018, Sgt. Ronald Behling, Star No. 1886, and Lt. Arthur Block, Star No. 600, for compensatory damages, punitive damages and attorneys' fees and for any other relief this Court deems just and appropriate.

## COUNT XI
### UNLAWFUL DETENTION CLAIM AGAINST THE CITY OF CHICAGO PURSUANT TO 42 U.S.C. §1983

114. Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 113, *supra,* as if fully set out herein, and expressly makes them part of Count XI.

115. Plaintiff's Decedent remained in the custody of the Chicago Police Department for over forty-eight (48) hours and was not taken to court at any time during his custody for a probable cause determination.

116. Plaintiff 's Decedent had a constitutional right to prompt judicial determination of probable cause.

117. Defendant City of Chicago's failure to release or present Plaintiff's Decedent to a neutral magistrate in a timely fashion was intentional and in accordance with a longstanding official and unconstitutional policy or custom of the Chicago Police Department.

118. Under this policy, the City of Chicago encourages Chicago police officers to detain suspects for up to and over 48 hours for investigative purposes.

119. Defendants' official and unconstitutional policy or custom is to detain suspects and arrestees for investigatory purposes rather than process the detainee or arrestee for court.

120. Post-detention delays for investigatory purposes are per se unreasonable and violate the Fourth Amendment and the failure to process Plaintiff's Decedent for court within a reasonable time was caused by this policy.

121. The City of Chicago caused this deprivation of rights of Plaintiff's Decedent and is liable for damages, *inter alia*, because:

 a. The City of Chicago maintains an unjustified and unconstitutional official policy or custom of preventing arrestees from obtaining a probable cause hearing until the felony review process is complete and while the Chicago Police Department gathers additional evidence;

 b. The City of Chicago fails to adequately train its officers on the constitutional requirements for affording prompt probably cause hearings, and fails to supervise and control its officers' activities in this area, and is thereby the force behind the very type of misconduct at issue here, and its failure to do so manifests deliberate indifference;

 c. As a matter of official policy, custom and practice, the Chicago Police Department facilitates the very type of unconstitutional misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff's Decedent;

 d. The City of Chicago has failed to act to remedy the patterns of misconduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

e. Detainees are taken to police stations for questioning and are kept in rooms that do not have toilet facilities or running water and are typically furnished only with a metal bench bolted to the wall;

f. Suspects remain in these rooms while the officers who seized them continue their investigation;

g. The official unconstitutional policy, practice and custom of the City described in the preceding paragraphs is widespread, permanent and well-settled;

h. The City's practice has been to delay presentment in order to enable its officers to investigate and thereby to create a probable cause to justify the arrest; and

i. The City's unconstitutional official policy, custom and practice caused the unreasonable and unlawful detention of Plaintiff's Decedent.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the CITY OF CHICAGO for compensatory damages and attorneys' fees and for any other relief this Court deems just and appropriate.


## COUNT XII – STATE LAW INDEMNIFICATION CLAIM
## AGAINST DEFENDANT CITY OF CHICAGO

122. Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 121, *supra,* as if fully set out herein, and expressly makes them part of Count XII.

123. In Illinois public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

124. Defendant Officers as listed in Paragraph 5 were employees of the City of Chicago and acted within the scope of their employment in committing the conduct described herein.

WHEREFORE, Plaintiff, ANN DARLENE WELLS, as Personal Representative of the Estate of Donald Wells, a deceased person, demands judgment against the CITY OF CHICAGO for compensatory damages and attorneys' fees and for any other relief this Court deems just and appropriate.

**The Plaintiff demands a trial by jury on each and every count of this Third Amended Complaint at Law.**

Respectfully submitted,

REYES & BONOMA, LTD.
1 N. LaSalle, Suite 4000
Chicago, Illinois 60602
312.332.0055
ARDC# 6204573

HOWARD AND HOWARD ATTORNEYS PLLC
200 S. Michigan, Suite 1100
Chicago, Illinois 60604
312.372.4000
ARDC # 6227102

By:___/s/ Robert Robertson_____
One of the Attorneys for Plaintiff,
ANN DARLENE WELLS, as
Representative of the Estate of
Donald L. Wells

By: ___/s/ Donna Rizzuto_____
One of the Attorneys for Plaintiff,
ANN DARLENE WELLS, as
Representative of the Estate of
Donald L. Wells

| | |
|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased, | ) ) ) |
| Plaintiff | ) |
| v. | ) Case No. 09 C 1198 ) Judge Kennelly |
| CITY OF CHICAGO, et al. | ) ) |
| Defendants | ) |

## NOTICE OF FILING

TO:    George J. Yamin, Jr.
Joseph M. Polick
City of Chicago
Special Litigation Counsel
30 N. LaSalle Street. Suite 1720
Chicago, Illinois 60602

Please take notice that on the 31st day of August, 2010, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division the **Third Amended Complaint** of plaintiff Ann Darlene Wells, as representative of the Estate of Donald L. Wells, deceased, a copy of which is attached and hereby served upon you.

Respectfully submitted,
HOWARD AND HOWARD ATTORNEYS, PLLC
By: /s/ Donna Rizzuto
Attorneys for Plaintiff, ANN DARLENE WELLS,
as Representative of the Estate of Donald L. Wells

## PROOF OF SERVICE BY ELECTRONIC MAIL

I, Donna Rizzuto, an attorney, hereby certify that on August 31, 2010, I electronically filed the foregoing notice, together with the documents referenced therein, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing to the person referenced above on August 31, 2010.

/s/ Donna Rizzuto

Howard and Howard Attorneys, PLLC
200 South Michigan Ave., Ste. 1100
Chicago, Illinois 60604
(312) 372-4000
ARDC No. 6227102