UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09 C 1198 |
| CITY OF CHICAGO, *et al.,* | ) ) | Honorable Matthew F. Kennelly |
| Defendants. | ) | |

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTIONS IN LIMINE #3 AND #5 TO BAR DEFENDANTS FROM OFFERING ALTERNATIVE THEORIES OF THE CAUSE OF DONALD L. WELLS' DEATH, INCLUDING, BUT NOT LIMITED TO, TESTIMONY DEFENDANTS INTEND TO ELICIT FROM DR. CHILDERS AND DR. LEVINE**

---

Pursuant to this Court's request at the Pre-Trial Conference held on March 20, 2012 Plaintiff Ann Darlene Wells, as Representative of the Estate of Donald L. Wells, Deceased, respectfully submits this Supplemental Brief in Support of her Motions in Limine #3 and #5 to Bar Defendants from Offering Alternative Theories of the Cause of Donald L. Wells' Death, Including but Not Limited to Testimony Defendants Intend to Elicit from Dr. Childers and Dr. Levine:

### FACTUAL BACKGROUND

*Plaintiff's Motion in Limine #3*

1.      Defendants intend to call their retained expert cardiologist, Rory W. Childers, M.D. in an attempt to elicit evidence related to Donald Wells' cause of death. Specifically, Defendants seek to elicit testimony from Dr. Childers as to his opinion that Plaintiff Ann Darlene Wells' alleged failure to consent to certain testing and other procedures was a proximate cause of Mr. Wells' death.

*Plaintiff's Motion in Limine #5*

2.      Defendants intend to call their retained expert nephrologist Jerrold S. Levine,

M.D. in an attempt to elicit Plaintiff's theory establishing Donald Wells' cause of death.

Specifically, Defendants seek to elicit testimony from Dr. Levine as to his impression that a

myriad (in excess of a dozen) of Mr. Wells' physicians, specialists, and other medical

professionals in two different hospitals, failed to properly diagnose Mr. Wells and treat him and

that medical malpractice was a proximate cause of Mr. Wells' death.

3.      At the Pre-Trial Conference, it also became apparent that Defendants may also

seek to introduce evidence blaming Mr. Wells himself and/or Stroger Hospital as a proximate

cause for Mr. Wells' death because Mr. Wells signed out of Stroger Hospital Against Medical

Advice and Stroger Hospital allowed him to do so.

## LEGAL ARGUMENT

4.      It is improper for Defendants to attempt to shift both liability and proximate cause

of Mr. Wells' death to Mrs. Wells, his treating physicians, Stroger Hospital, and/or Mr. Wells

himself by relying upon Defendants' experts testimony of potential alternative proximate causes

because Defendants have ___no competent___ evidence that one of these allegedly culpable parties was

the ___sole___ proximate cause of Mr. Wells' death.

**Lack of Sole Proximate Cause**

5.      In *Bauer v. Memorial Hospital*, 879 N.E.2d 478, 497 (5th Dist. 2007), a

defendant-hospital sought to elicit testimony from the plaintiff's expert that another hospital's

inadequate care of the plaintiff's infant who suffered from brain damage, was a potential cause of

the plaintiff's infant's brain injuries.

6.      However, because the defendant did not establish that the ___sole___ proximate cause of

the injuries to plaintiff's infant were due to the non-party hospital's alleged deviation from the

2

standard of medical care, the Appellate Court ruled that the trial court properly precluded such testimony from the expert at trial. *Id.*

7.      Like in *Bauer*, Defendants have failed to identify one ***sole*** proximate cause for Mr. Wells' death.  In fact, Defendants admit that they "have offered more than one mere possibility of causation." *See* Defendants'' Response to Plaintiff's Motion in Limine #5.  The very fact that Defendants have offered multiple parties as potential causes or contributing causes of Mr. Wells' death crystallizes the fact that Defendants cannot establish that there was one ***sole*** proximate cause of Mr. Wells' death.

8.      Accordingly, Defendants cannot now, after discovery has closed, recant their position and suggest that there does in fact exist only one sole proximate cause that led to Mr. Wells' death.

**Lack of Competent Evidence**

9.      Further, Defendants' lack of ***competent evidence*** to establish that Mrs. Wells, Mr. Wells' treating physicians, Mr. Wells, himself, or Stroger Hospital was the ***sole*** proximate cause of Mr. Wells' death mandates that Defendants be barred from suggesting that any of these individuals had a hand in causing Mr. Wells' death. *See Leonardi v. Loyola University of Chicago*, 658 N.E.2d 450, 459 (Ill. 1995) (noting that a defendant may only suggest an alternative theory on the cause of plaintiff's injury where he can "establish by ***competent evidence*** that the conduct of a third person, or some other causative factor, is the ***sole*** proximate cause of plaintiff's injuries") (emphasis added).

***Defendants Should be Barred from Eliciting Testimony that Mr. Wells' 12 Plus Treating Physicians Committed Medical Malpractice.***

10.     Defendants seek to claim that Mr. Wells' treating physicians committed medical malpractice by failing to diagnose and treat him for thrombotic thrombocytopenic purpura ("TTP") and by allowing him to sign out against medical advice from Stroger Hospital.

11.     Defendants should not be allowed to assert this position because their experts have not established by ***competent*** evidence based on a reasonable degree of medical certainty that each and every one of the twelve plus physicians that treated Mr. Wells: 1) negligently breached the applicable medical standards of care as they applied to Mr. Wells; and 2) proximately caused Mr. Wells' death. *Cummings v. JHA, M.D., et al.*, 915 N.E.2d 908, 920 (5th Dist. 2009).

12.     Additionally, Defendants have never disclosed pursuant to FRCP 26 (through either expert reports or expert disclosures) that Mr. Wells' twelve plus treating physicians breached the applicable standard of care owed to Mr. Wells so they should not now be allowed to make such a suggestion.

13.     To the contrary, Defendants' expert Dr. Childers admitted that he did not criticize the treatment Mr. Wells' twelve plus physicians provided to Mr. Wells:

> Q:     Do you have any opinions that are critical of any of the medical care rendered by any of the medical facilities and/or health care providers who came in contact with Mr. Wells from the moment he was taken to Stroger all the way through his St. Bernard and Christ hospitalizations?
>
> A:     Criticism of the medical personnel is what you're asking?
>
> Q:     Correct.
>
> A:     No, I don't.

Dr. Rory Childers' Deposition 150:21-151:6.[1]

14.     Accordingly, Defendants should be barred from eliciting any testimony that Mr. Wells' treating physicians, including Stroger Hospital and its staff, committed medical malpractice which caused Mr. Wells' death.

***Defendants Should be Barred from Eliciting Testimony that Mr. Wells Caused his own Death by Signing Himself Out Against Medical Advice or that Mrs. Wells' Alleged Failure to Consent to Certain Testing and Other Procedures on Mr. Wells' Behalf was a Proximate Cause of Mr. Wells' Death.***

15.     In their Response to Plaintiff's Motion in Limine #3, Defendants state that they do not intend to elicit evidence to suggest that Mrs. Wells is to blame for Mr. Wells death because she delayed a cardiac catheritization.

16.     Rather, Defendants state in their Response to Plaintiff's Motion in Limine #3 that they intend to elicit this testimony to support their misplaced theory that Mrs. Wells and potentially Mr. Wells, himself, had a duty to mitigate his injuries. *See* Defendant's Response to Motion in Limine #3.

17.     Defendants' intended purpose is not supported by the law because neither Mr. Wells nor Mrs. Wells were required to mitigate the liability of Defendants by having Mr. Wells submit to a cardiac catheritization. *See Lapidus v. Hahn*, 450 N.E.2d 824, 829 (1st Dist. 1983) (noting that a plaintiff in a slip in fall case "was not required to undergo a serious operation to minimize the liability of a tortfeasor").

18.     "[A] competent person has the right to refuse medical treatment" on his own behalf or on the behalf of another. *In re Baby Boy Doe*, 632 N.E.2d 326, 330 (1994) (holding that a woman's choice to refuse medical advice to obtain a cesarean section during pregnancy must be honored).

---

[1] A copy of the deposition transcript pages cited herein are attached as **Exhibit 1.**

19.     Accordingly, it would be improper for Defendants to illicit testimony to suggest that Mr. Wells or Mrs. Wells caused Mr. Wells death by allegedly delaying Mr. Wells from submitting to a cardiac catheritization because neither Mr. Wells nor Mrs. Wells were required to mitigate Defendants' liability by having Mr. Wells submit to a cardiac catheritization earlier in his hospital stay.

***Defendants Should be Barred from Suggesting any Alternative Causes of Mr. Wells Death because Such Causes are Not Relevant to the Claims at Issue in This Case.***

20.     Federal Rule of Evidence 401 provides that evidence is relevant only if: 1) it has any tendency to make a fact more or less probable than it would be without the evidence; and 2) the fact is of consequence in determining the action.

21.     FRE 402 provides that only relevant evidence is admissible.

22.     At issue in this case is whether Defendants' actions proximately caused Mr. Wells' death.

23.     Defendants' failure to establish 1) competent evidence or 2) a sole proximate cause as an alternative theory of what caused Mr. Wells' death demonstrates that Defendants should be barred from offering, eliciting, suggesting, arguing, or insinuating alternative theories of the cause of Mr. Wells' death because such theories are not relevant to any of the claims in this case.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine #3 and Motion in Limine #5 and bar Defendants from offering alternative theories of the cause of Donald L. Wells' death, including but not limited to, testimony Defendants intend to elicit from Dr. Childers and Dr. Levine.

Dated: March 23, 2012

Respectfully submitted,

ANN DARLENE WELLS, as
Representative Of the Estate of Donald
Wells, Deceased,
By:  /s/ Tiffany L. Carpenter

Michael V. Kell
Mark W. Peyser
David C. VanDyke
Donna Rizzuto
Tiffany L. Carpenter
200 South Michigan Ave., Ste. 1100
Chicago, Illinois 60604
(312) 372-4000

## **CERTIFICATE OF SERVICE**

I, Tiffany L. Carpenter, an attorney, certify that on March 23, 2012, I delivered a copy of the attached document via the Court's Electronic Court Filing ("ECF") system to all counsel of record.

/s/ Tiffany L. Carpenter

Michael V. Kell
Mark W. Peyser
David C. VanDyke
Donna Rizzuto
Tiffany L. Carpenter
200 South Michigan Ave., Ste. 1100
Chicago, Illinois 60604
(312) 372-4000