IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.  09 C 1198 |
| CITY OF CHICAGO, et al., | ) ) | Judge Kennelly |
| Defendants. | ) | |

**DEFENDANTS' RULE 50 MOTION
AS TO PLAINTIFF'S SECTION 1983 CLAIMS**

Defendants John Ferrell, Arthur Block, William Kilroy, Maureen McMahon, John Clifford, Michael Deneen, Elliott Musial, Galo Gutierrez, Leonard Ficht, Richard Moravec, and Steven Rowling and the City of Chicago, by their attorneys, Joseph Polick, Liza Franklin, and Helen Gibbons, move this Honorable Court for judgement as a matter of law in their favor on plaintiff's claims.  In support thereof, the defendants state as follows:

Rule 50 of the Federal Rules of Civil Procedure states that judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed.R.Civ.P. 50(a)(1); *Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 612 (7th Cir.2001).

1.  **Plaintiff has not established Donald Wells was in custody for over 48 hours or in custody for an improper purpose for less than 48 hours.**

An individual arrested without a warrant is entitled to a prompt judicial determination of probable cause within 48 hours of an arrest.  *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), *County of Riverside v. McLaughlin,* 500 U.S. 44, 56 (1991).  While probable cause

determinations within 48 hours are presumptively reasonable, they may still violate the Fourth Amendment if the arrested individual can prove his hearing was delayed unreasonably even though it occurred within 48 hours. In that case, the arrested individual bears the burden of proving an unreasonable delay. *Id.* at 56-57. If the probable cause determination exceeds 48 hours, then the burden shifts to the government to justify the delay by demonstrating the existence of a bona fide emergency or other extraordinary circumstance. *Id.* at 57; *see also Portis v. City of Chicago,* 613 F.3d 702, 703-04 (7th Cir. 2010).

    A.    **Time in Custody**

Plaintiff has adduced no facts at trial to show that Donald Wells was in custody in excess of the 48 hours. The uncontroverted testimony elicited during plaintiff's case has shown that Donald Wells was placed under arrest by Elliot Musial at 10:20 p.m. Officer Joann Butkus testified that though she was at Stroger Hospital that evening, she was not constantly in the room with Mr. Wells, she did not place him in handcuffs, and she did not accompany him as he received medical treatments in different parts of the hospital without her presence. A person is seized "only when there is a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 597, 109 S. Ct. 1378, 1381 (1989). There is no evidence that Wells believed he was in custody at that time. This was confirmed by the independent testimony of Dr. Kimberly Joseph who was the treating physician at Stroger Hospital. Thus, as every witness with knowledge of the 48 hour clock has testified, Mr. Wells was under arrest at 10:20 p.m. on April 25, 2008.

Since Mr. Wells was arrested at 10:20 p.m. on April 25th, he had to be either presented to a magistrate or released by 10:20 p.m. on April 27th. It is unrebutted that Captain Ferrall released

Donald Wells from custody at around 9:30 p.m. on April 27th when he informed Mr.Wells that he was released.  Donald Wells exited his the cell in lock-up and waited, outside of a cell, without wearing handcuffs, for the Chicago Fire Department.  Had he chosen to leave, he could have.  That is not custody.  As Mr. Wells was not held in excess of 48 hours, the Defendants are entitled to judgment in their favor.

    B.    **Probable Cause**

All evidence in the case shows that Defendants had probable cause throughout the 48 hours Wells was in custody.  Investigators Musial, Deneen, and Gutierrez have testified regarding the ongoing investigation in the 48 hours to see if higher charges than the initial charge were in order for this large scale fatal accident.  These Investigators were tracking down the 20 people injured and countless eye-witnesses, they were investigating whether the truck's brakes worked, they were waiting on information from the DUI kit administered to Wells.  Merely because the DUI kit came back as negative for narcotics and alcohol did not mean that the underlying cause of the accident – whether intentional, accidental, or otherwise – was solved.  That result absolutely dissipated probable cause for Aggravated Driving Under the Influence, a charge Mr. Wells never faced.  Probable cause for any number of the numerous possible charges did not dissipate in that 48 hours because that charge was no longer a possibility.  If anything, now that the Investigators knew that drugs and alcohol were foreclosed, there was an even more of a question regarding how this crash happened.  As the investigators testified, probable cause remained for negligent driving and aggravated reckless driving.  Since probable cause never dissipated on those charges, the Defendants were entitled to hold Mr. Wells for 48 hours to seek higher charges.  Likewise, the officers of the 2nd District were entitled to hold Donald Wells

while that investigation was ongoing.

    C.        **Individual Liability**

In order for liability to attach under § 1983, "an individual must have personally caused or participated in the alleged constitutional deprivation." *See Palmer v. Marion Co.*, 327 F.3d 588, 594 (7th Cir.2003), see also *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir.2000). Plaintiff has made no showing whatsoever that defendants John Ferrell, Arthur Block, William Kilroy, Maureen McMahon, John Clifford, Michael Deneen, Elliott Musial, Galo Gutierrez, Leonard Ficht, Richard Moravec, and Steven Rowling detained Wells in violation of the 4th Amendment. Defendants McMahon, Gutierrez, Deneen, and Musial investigated the accident from the moment they arrived at the scene on April 25th to the time Wells was released from custody on the April 27th. Defendants Block and Kilroy were watch commanders during the interim time Wells was in custody and Plaintiff has made no showing that they in anyway detained Wells improperly. The desk sergeants, defendants Clifford, Ficht, Moravec, and Rowling also were on duty during the interim time Wells was held at the 2nd district and Plaintiff has shown nothing beyond the fact that they worked on those days to prove that they held Wells improperly. Finally the evidence regarding Defendant Ferrall, the watch commander with a tour of duty on each day Wells was in custody, has only shown that he was aware that the time was close to running on Wells 48 hours and took steps to release him within appropriate time. Plaintiff has proffered no proof regarding this claim and therefore these defendants should be dismissed.

    2.        **Denial of Medical Care**

A medical condition is deemed to be objectively serious if it is "one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997)). Plaintiff has adduced no evidence at trial that Wells exhibited obvious symptoms throughout his time in lockup that required medical attention. Rather, every doctor called to the stand has testified that none of the conditions from which Mr. Wells suffered had any outward signs that would alert a lay person to a problem. Moreover, Captain Farrell obtained medical attentionfor Mr. Wells when he exhibited obvious symptoms. Plaintiff has implied through questioning that the fact that fever was noted at Stroger Hospital and then again at St. Bernard's Hospital that medical care should have requested for Wells. However, there is no showing that this fever was something that the lock-up personnel could recognize as requiring a doctor's attention. In fact, testimony from Paramedic Hughes, an individual with medical training, was that Wells seemed to have a normal temperature when touched.

  Plaintiff has failed to show any individual liability against the defendants. Specifically, there is no showing of any evidence that defendants Deneen, Musial, Gutierrez, and McMahon personally acted to deprive Wells of medical care. There has been no showing that Wells exhibited any signs so obvious that even a lay person would recognize the necessity for a doctor's attention to these defendants. Musial and Deneen had contact with Wells while he was at Stroger hospital receiving medical care and did not prevent any care from being administered. Musial spoke to Wells, had a clear and cogent conversation with him until Wells invoked his right to counsel. Never once did Wells exhibit any signs during that interview of needing medical care. Finally Deneen and Gutierrez saw Wells briefly on April 27th while Captain Ferrell was in the

process of requesting medical attention to Wells. Defendant McMahon had no contact with Wells at all which would apprise her of any supposed need for medical care, let alone an actual need. Therefore, these defendants are entitled to judgment as a matter of law in their favor on this claim.

Likewise, desk sergeants Clifford, Rowling, and Moravec and watch commanders Ferrell and Block are also entitled to judgment as a matter of law in their favor on this claim. There has been no evidence that Block, Clifford, Rowling, or Moravec saw any symptoms that would be so obvious to them that Wells needed medical care. Furthermore, the only evidence that had come in before the jury regarding defendant Ferrell is that he got Wells medical care as soon as there were obvious symptoms.

      3.    *Monell* **claim regarding holding individuals for less than 48 hours, but for an improper purpose.**

On January 16, 2012 this Court dismissed all of Plaintiff's *Monell* claims except for the policy of holding prisoners unlawfully for less than 48 hours. Plaintiff must prove that policy was the "direct cause" or "moving force" of the constitutional injury. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989) ("our first inquiry…is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"). "Isolated" acts committed by non-policymaking officials generally do not amount to a "custom" which "implies a habitual practice of a course of action that characteristically is repeated under like circumstances." *Sims v. Mulcahy*, 902 F.2d 524, 542 (7th Cir. 1990), *quoting Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986).

Even if plaintiff prevails on the theory that Wells was held improperly less for less than 48 hours, plaintiff has made no showing that this is a widespread policy or practice. Other than her contention regarding Wells, there was literally no other evidence that any other person has been held by the Chicago Police Department for less than 48 hours for an improper purpose. In fact, plaintiff read into evidence the deposition of Mr. Ronald Ward who was in lock-up at the 2nd District with Wells for a period of time. Ward arrested for a minor offense the late evening of April 25, 2008 and was released before 9:00 a.m. on April 26, 2008. As there is no evidence to support plaintiff's *Monell* claim that the City holds people improperly for less than 48 hours, the City is entitled to judgment as a matter of law on that claim.

>Respectfully submitted,
>
>/s/ Liza M. Franklin
>LIZA M. FRANKLIN
>Deputy Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO. 06216088

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon all parties of record, pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 3rd day of April 2012.

>*/s/ Liza M. Franklin*
>LIZA M. FRANKLIN