**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN DARLENE WELLS, as Representative of the Estate of Donald L. Wells, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 09 C 1198 |
| CITY OF CHICAGO, et al., | ) ) | Judge Kennelly |
| Defendants. | ) ) | |

**DEFENDANTS' POSITION PAPER REGARDING
PLAINTIFF'S PETITION FOR ATTORNEY'S FEES**

Defendants, pursuant to the Court's November 11, 2012 Order, submit the following

position paper regarding plaintiff's petition for attorney's fees.

At trial, Plaintiff asked the jury to award between $5,209,623 and $5,224,981 in

compensatory damages against defendants City of Chicago ("City") and eleven police officers,

and $1,750,000 in punitive damages against the officers. After the Court's September 16, 2012,

ruling on Defendants' post-trial motion which granted judgment as a matter of law on the policy

claim against the City and completely vacated the punitive damage awards, Plaintiff has now

prevailed on one claim against four of the 25 police officers she originally sued. With her

acceptance of the remittitur amount of $250,000 in compensatory damages and the complete

vacation of the punitive damages award, Plaintiff has recovered **3.6%** of what she sought. In

response to Plaintiff's more than $4.4 million fee petition, Defendants suggested a **maximum** fee

award of $394,506.13. Plaintiff is now less of a prevailing party than she was when Defendants

made that suggestion. Moreover, a fee award of that size is irreconcilable with comparable 48

hour cases. Thus, Plaintiff's fee petition should be reduced further.

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). In light of the ruling on Defendants post-trial motion and Plaintiff's acceptance of the remittitur, Plaintiff's extent of success has been drastically diminished. As argued more fully in Defendants' Response to Plaintiff's Fee Petition, the *Hensley* factors require a dramatic reduction in Plaintiff's fee award.

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d, at 717-719. These factors derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106.

*Hensley*, 461 U.S. at 430 n. 3 (1983) (*citing Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-719 (5th Cir. 1974). The "novelty and difficulty of the questions," "the amount involved and the results obtained," and "awards in similar cases" factors weigh heavily in favor of a fee award less than $394,506.13.

## I.     PLAINTIFF RECOVERED SUBSTANTIALLY LESS THAN SHE SOUGHT.

Plaintiff's failure to recover a significant portion of her jury request makes her fee request unreasonable. Plaintiff asked the jury to award between $6,959,623 and $6,974,981 in compensatory and punitive damages. On the unlawful detention claim alone, Plaintiff asked the jury for $3.7 million. The $1.75 million requested in punitive damages was not divided among counts, but rather by defendant officer. Plaintiff requested a total of $650,000 in punitive damages against the four officers who the jury determined should pay such damages. The

$250,000 award which she accepted is 3.6% of her total request to the jury, and 5.8% of her request on the unlawful detention count plus the request for punitive damages against the four officers. "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relationship to the results obtained." *Hensley*, 461 U.S. at 440. *See also Cole v. Wodziak*, 169 F.3d 486, 489 (7th Cir. 1999) ("Cases such as *Farrar*-and, in this circuit, *Fletcher v. Ft. Wayne*, 162 F.3d 975 (7th Cir.1998),- and *Simpson v. Sheahan*, 104 F.3d 998 (7th Cir.1997) show that recovering less than 10% of the demand is a good reason to curtail the fee award substantially."); *Thompson v. City of Chicago,* 2011 WL 2923694, *4 (N.D. Ill.) (reducing the lodestar amount by 70%)*; Delgado v. Village of Rosemont*, 2006 WL 3147695, *7 (N.D. Ill.) (Court reduced fee award by 35%, in part because plaintiff recovered 12.5% of the jury request).

Moreover, the Court may consider the fact that the fees requested here are **18** times what Plaintiff recovered.

> The Seventh Circuit has, however, cautioned district judges not to forget that the amount requested in fee petitions may be disproportionate to the damages awarded and that disproportionality may be taken into account. *See Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.,* 574 F.3d 852, 857 (7th Cir. 2009); *A. Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 793 (7th Cir. 2009). A request for fees that is a large multiple of the amount awarded "raises a red flag" and should cause the court to pause and reflect on the fee requested. *Anderson*, 578 F.3d at 546. And, a district court's fee order should evidence increased reflection before awarding attorneys' fees that are large multiples of the damages recovered. *Catalan v. RBC Mortg. Co.*, 2009 WL 2986122, 6, 8–10 (N.D. Ill. 2009) (Dow, J.) (reducing the attorneys' fees requested after considering, inter alia, the proportionality of the fee requested). *See Moriarty ex rel. Local Union No. 727, I.B .T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 717–718 (7th Cir. 2005).

*Sommerfield v. City of Chicago*, 2012 WL 5354987, *6 (N.D. Ill.). The fees requested are

grossly out of proportion with the recovery.

Prior to trial, Plaintiff did not prevail on her *Monell* claim against the City that alleged a policy of denying medical care to pre-trial detainees. At trial, plaintiff did not prevail on her medical claims against defendants. Thus, as argued previously, she should not recover fees related to the claims that Defendants won. Of the fees that Defendants could determine were related to the 48 hour claims, Defendants suggested the lodestar should be reduced by 50%. Since Defendants filed their response, Plaintiff has recovered less than 25% of her original verdict ($250,000 down from $1 million plus $150,500 in punitive damages), and lost the 48 hour policy claim against the City. Based on Plaintiff's recovery, even the $394,506.13 in fees previously suggested by Defendants is excessive and unreasonable, and should be reduced.

## II.     FEE AWARDS IN SIMILAR CASES ARE DRAMATICALLY LOWER THAN WHAT PLAINTIFF SEEKS.

No other case similar to this one has resulted in a fee award even approaching what Plaintiff seeks here. In *Swanigan v. Trotter*, 2012 WL 4060308 (N.D. Ill.), Plaintiff won summary judgment on the 48 hour claim, and lost the remaining claims at trial. Plaintiff was awarded $60,000 by the jury. Plaintiff then submitted a fee petition of $841,765.68. Magistrate Schenkier and Judge Kendall reduced the fee award to $332,755.15. As the opinion makes clear, the procedural history of that case was significantly more complicated than this case. *Warfield v. City*, 733 F. Supp.2d 950 (N.D. Ill. 2010), was a significantly more complicated case than this one. *Warfield* involved seven plaintiffs and four defendants. *Id.* The attorneys representing the plaintiffs had significantly more experience with police cases than any of the seventeen attorneys

in this case.[1] Even so, the award of fees was $624,387.50, or **13.8%** of what Plaintiff seeks here. Plaintiff can point to no case in which millions of dollars of fees were awarded in a 48 hour case.

## III. THE CLAIM UPON WHICH PLAINTIFF PREVAILED IS NEITHER NOVEL NOR DIFFICULT.

As a result of the ruling on Defendants' post-trial motion, Plaintiff prevailed on one claim: whether some of the Defendants held Donald Wells for longer than 48 hours. That claim, based on *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), presents neither a novel nor a difficult question. As previously argued, the 48 hour claim involved a limited number of witnesses, and none of Plaintiff's experts presented testimony on that claim at trial. The only Plaintiff's expert who had opinions relevant to that claim, Dennis Waller, was barred from testifying to those opinions at trial. Furthermore, it was uncontested both that Donald Wells did not receive a probable cause hearing and that he was released from custody. What the parties disputed was how long Wells was held in custody before he was released. There was no reason why seventeen lawyers were needed to litigate that claim.

## CONCLUSION

Without rehashing the previous filing, Defendants submit that Plaintiff is less of a prevailing party than she was when that brief was filed. Plaintiff seeks fees that are wildly out of proportion to her recovery, or other cases in police litigation. That is unfair to the Defendants, and the taxpayers. For all the forgoing reasons, as well as those in their response to Plaintiff's fee petition, Defendants respectfully request that the Court accept the recommendations in this and their previous memorandum and lower Plaintiff's fee award accordingly.

---

[1] Plaintiffs' counsel billed 1,818.75 hours, which is significantly less than Plaintiff's counsel seeks to charge to the taxpayers here. *Warfield*, 733 F. Supp.2d at 960.

Respectfully submitted,

/s/ Liza M. Franklin_____

LIZA M. FRANKLIN

Deputy Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO.  06216088